# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN BROWN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 19-663 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS, and PA STATE ) | |
| ATTORNEY GENERAL ) | |
| ) | |
| Respondents. ) | |

## ORDER OF COURT

Shawn Brown ("Petitioner"), a state prisoner proceeding *pro se*, had originally initiated this present action in the United States District Court for the Middle District of Pennsylvania (the "Middle District Court"), which is where his current prison is located. Petitioner captioned his initial filing as a "Motion for Mandamus Relief." ECF No. 9. The Middle District Court treated the Motion for Mandamus Relief as a habeas Petition filed pursuant to 28 U.S.C. § 2254 and because Petitioner's conviction arose out of the Court of Common Pleas of Westmoreland County, transferred the case here, even though Petitioner is not challenging his conviction or his sentence as imposed but rather he challenges the way his sentence is being calculated and credited.

Because Petitioner is a state prisoner whose present custody that he challenges arises from a judgment of conviction obtained in state court, Petitioner's sole means by which to challenge his conviction and/or sentence is by means of a Section 2254 habeas petition. Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the

only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled."). Furthermore, federal courts have no jurisdiction to issue writs of mandamus to state officials.[1]

In light of the foregoing and in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the district court is required to give to Petitioner notice regarding the effects of filing a § 2254 petition in light of the Antiterrorism Effective Death Penalty Act ("AEDPA"). ADEPA bars state prisoners from attacking their convictions and/or sentences through second or successive habeas corpus petitions except in very limited circumstances. See 28 U.S.C. § 2244(b).[2]

---

[1] See, e.g., Noble v. Cain, 123 F. App'x 151, 152 (5th Cir. 2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 F. App'x 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, at *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

[2] Pursuant to 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under § 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. The grounds upon which a claim presented in a second or successive habeas petition will be permitted are limited to two extremely rare circumstances: (1) the claim relies on a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review; or (2) the factual predicate for the new claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. Because these grounds are so limited, in most cases they will result in the denial of permission to file a second or successive § 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first petition.

AEDPA also imposes a one-year statute of limitations on petitions for a writ of habeas corpus. See 28 U.S.C. § 2244(d).[3] "Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created." United States v. Miller, 197 F.3d at 649. To avoid making successive claims, petitioners must marshal in one § 2254 petition all of the arguments they have to collaterally attack their convictions/sentences. Id. And in order to avoid being time barred, a petitioner must take care to file this one all-inclusive petition within the one-year statute of limitations. Id. Furthermore, Petitioner is required to bring all of his ripe claims in one Petition regardless of whether he is attacking his conviction or his sentence. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005).

The Court will grant Petitioner an opportunity to decide whether to stand on his current Petition or to withdraw the current Petition so that he can file an all-inclusive Petition. If Petitioner elects to withdraw the current Petition, he should be aware that any all-inclusive Petition must be filed with the one-year statute of limitations. Petitioner should carefully consider the one-year statute of limitations provision in 28 U.S.C. § 2244(d) in making his election to either stand on the current Petition or to withdraw the current Petition so that he may file an all-inclusive Petition. The filing of the current Petition and the period to elect whether to stand on the Petition or withdraw the Petition does not extend or toll the statute of limitations.

---

[3] 28 U.S.C. § 2244(d) sets forth the statute of limitations. That section sets forth when the statute of limitations begins to run and periods of time which are not counted toward the limitations period. The time that a federal habeas petition is pending is not excluded from the limitations period under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181-182 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and thus § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition).

**IT IS ORDERED** that, on or before July 5, 2019, Petitioner shall complete and file the enclosed election form, indicating an election to have the Petition construed and ruled upon under 28 U.S.C. § 2254 or to withdraw the current Petition. In making this election, Petitioner should carefully consider all of the provisions of 28 U.S.C. § 2244. If Petitioner fails to complete and file the election form, the Petition will be ruled upon under 28 U.S.C. § 2254.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: June 17, 2019

cc:

**SHAWN BROWN**
NJ-5470
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652